IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV338-03-MU

| | |
|---|---|
| HAIBER MONTEHERMOSO, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     **O R D E R**<br>) |
| OFFICER HUDSON; SUPERINTENDENT<br>of MARION CORR. INST., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on initial review of Plaintiffs' Complaint under 42 U.S.C. § 1983, filed August 26, 2009. (Document No. 1.)

In his Complaint Plaintiff contends on July 30, 2004, he was injured when Officer Hudson closed the electric mechanical door on him. Plaintiff requested medical treatment but medical staff "brushed off the seriousness of his complained injuries." (Complaint at 3.) Plaintiff suggests that the reason for the delay in filing this suit is because he is from another country and "he did know anything about the U.S Constitutional Rights." (Complaint at 4.)

First, Petitioner's contention that he was unaware of his right to adequate medical treatment is belied by the number of Complaints he has filed in this district and federal districts within the State of North Carolina.

Next, although Plaintiff' primarily complains about inadequate medical care in his Complaint, Plaintiff fails to name any medical providers as defendants. Furthermore, to the extent Plaintiff is attempting to pursue a negligence claim against Officer Hudson with respect to her

1

operation of the door, negligence does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Daniels v. Williams, 474 U.S. 327 (1986).

With respect to Plaintiff's claim against the Superintendent of Marion Correctional, it seems Plaintiff included the Superintendent based on the doctrine of respondeat superior. However, the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, Plaintiff has failed to state a claim for relief against the Superintendent.

Finally, Plaintiff is complaining about injuries he allegedly sustained in 2004 when a mechanical door closed on him. Because there is no federal statute of limitations for § 1983 actions, the state statute of limitations applies. In North Carolina, a three year personal injury statute of limitations applies. N.C. Gen. Stat. § 1-52(5); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). Plaintiff contends he was injured in 2004. His three-year statute of limitations has long since expired.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Complaint is Dismissed for failure to state a claim for relief and alternatively because his statute of limitations has expired..

**SO ORDERED**.

Signed: September 1, 2009

Graham C. Mullen
United States District Judge